# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-3533

RECEIVED
BY MAIL
JUL 25 2005
CLERK US DIST COURT
ST. PAUL, MN

United States of America, *
*
Plaintiff-Appellee, *
* Appeal from the United States
v. * District Court for the
* District of Minnesota.
Christopher Michael Mohr, *
* CR02-11(2) JMR/RLE
Defendant-Appellant. *

Submitted: June 15, 2004
Filed: August 23, 2004
Withdrawn: May 5, 2005
Reinstated: May 6, 2005

Before MURPHY, HEANEY, and BRIGHT, Circuit Judges.

MURPHY, Circuit Judge.

Christopher Michael Mohr pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. The district court[1] concluded that Mohr was a career offender and sentenced him to 188 months imprisonment. Mohr appeals the district court's application of the career offender provision and its denial of a downward departure. We affirm.

[1]The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

SCANNED
JUL 25 2005
U.S. DISTRICT COURT ST. PAUL

On December 6, 2001, a confidential informant for the Stearns County Sheriff Department made a controlled purchase of a half ounce of methamphetamine from Mohr. The following day the informant purchased an ounce of methamphetamine from Mohr and his codefendant, John Moen. Mohr then arranged for the informant to purchase a quarter pound of methamphetamine from Moen, and Mohr went with him to Moen's motel room on December 11 where the sale was completed. Officers obtained and executed search warrants for Moen's motel room and home; the evidence they found there included another ounce and a half of methamphetamine, a loaded shotgun, a sawed off shotgun, and cash. They also executed a search warrant at Mohr's home where additional evidence was obtained.

The two men were indicted on multiple charges, and Mohr pled guilty to conspiracy to distribute methamphetamine on April 16, 2002. About three months later he escaped from custody while on his way to a court appearance in a different case, but he was soon apprehended with assistance from a helicopter and infrared detection equipment.

Mohr was sentenced on September 30, 2003. The district court took note of his two prior felony convictions, possession of short barreled shotguns and burglary of an automobile repair shop, and concluded they were crimes of violence. Mohr did not dispute that possession of a short barreled shotgun qualifies as a crime of violence under U.S.S.G. § 4B1.2(a) (2003), see United States v. Allegree, 175 F.3d 648, 651 (8th Cir. 1999), but he argues that burglary of a commercial building does not qualify unless the facts of the particular case were to show that the crime created a serious potential risk of physical injury to another. The district court disagreed, ruling that under United States v. Blahowski, 324 F.3d 592, 595-96 (8th Cir. 2003), his burglary fit the category of crime of violence and that he was therefore a career offender. Mohr also moved for a downward departure under U.S.S.G. § 4A1.3, arguing that his criminal history category significantly overrepresented the seriousness of his record.

The court denied this motion, characterizing Mohr as "close to a one-man crime wave since the time he was a child." As a career offender Mohr's base offense level was 34, and his criminal history category was VI.[2] The district court granted a three level reduction for acceptance of responsibility which led to a total offense level of 31. The resulting sentencing range was 188 to 235 months,[3] and Mohr was sentenced at the low point to 188 months.

Mohr argues that the district court erred by considering his prior conviction for burglary of a commercial building a crime of violence. He contends that the 1997 amendment to the commentary for U.S.S.G. § 4B1.2 requires consideration of his actual offense conduct and that our contrary holding in Blahowski, 324 F.3d at 595-96, failed to respond to the amendment. He also argues for the first time on appeal that Blahowski violated the constitutional principle of separation of powers and the case and controversy clause of Article III by legislating a new rule for future cases. He finally contends that the district court erred by failing to depart downward because his criminal history category substantially overrepresented the seriousness of his past crimes.

---

[2]Since Mohr had twenty four criminal history points, he fit criminal history category VI regardless of whether the career offender enhancement applied. His prior convictions included theft of a motor vehicle, felony possession of a short barreled shotgun, attempts to purchase vehicles and a stereo with forged checks, endangerment of a child by driving while intoxicated, giving a false name to the police, third degree burglary of an auto repair shop, receipt of stolen property, theft, and twelve counts of driving after his license was suspended. He had also frequently violated probation and committed this offense while on probation and in violation of his bond on a residential burglary charge.

[3]The government objected to the reduction for acceptance of responsibility in light of Mohr's escape from custody on July 23, 2003, but it has not appealed.

We review de novo the district court's conclusion that burglary of a commercial building was a crime of violence for purposes of the career offender provision. United States v. Fountain, 83 F.3d 946, 949 (8th Cir. 1996). Mohr has not previously raised his constitutional arguments so we apply a plain error standard in considering them. See United States v. Grap, 368 F.3d 824, 828 (8th Cir. 2004). A district court's refusal to grant a downward departure is generally unreviewable on appeal unless there is evidence of an unconstitutional motive or the court mistakenly believed it was without authority to grant the departure. United States v. Gonzalez-Lopez, 335 F.3d 793, 799 (8th Cir. 2003).

The sentencing guidelines provide that a defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense" to be considered a career offender. U.S.S.G. § 4B1.1(a)(3). The guideline defines crime of violence as

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that —
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a). Burglary, whether of a dwelling or a commercial building, has as its elements the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990).

Our court has reasoned that since burglary always creates a "serious potential risk of physical injury to another," it qualifies as a crime of violence. United States

v. Hascall, 76 F.3d 902, 905 (8th Cir. 1996). See also United States v. Fiore, 983 F.2d 1, 5 (1st Cir. 1992) (burglary of a commercial building poses a potential for episodic violence so substantial as to be a crime of violence). This rule was expressly reaffirmed in Blahowski, 324 F.3d at 595-96, a case decided after the 1997 amendment to the commentary to U.S.S.G. § 4B1.2,[4] and it remains the law of the circuit. See United States v. Wilson, 315 F.3d 972, 973-74 (8th Cir. 2003) (only the court en banc can overrule a circuit precedent). The district court thus did not err in concluding that Mohr's prior burglary of a commercial building was a crime of violence for purposes of the career offender provision.[5]

Mohr contends for the first time on appeal that Hascall and Blahowski were advisory opinions which legislated a per se rule for application to future cases in violation of Article III and separation of powers principles. He cites no authority for the proposition that the Constitution is violated by a judicial interpretation requiring a particular outcome in a category of cases, and he does not distinguish the circuit precedent under which his possession of a sawed off shotgun was treated as a crime

---

[4]Prior to the amendment, an application note to § 4B1.2 stated that a prior offense would qualify as a crime of violence if "the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another." In 1997 that language was altered to read "in determining whether an offense is a crime of violence . . . the offense of conviction (i.e., the conduct of which the defendant was convicted) is the focus of inquiry." As we noted in Blahowski, "[i]f anything, the addition of the phrase 'the offense of conviction' in the post-amendment version emphasizes that the criminal offense itself and not the individual circumstances surrounding the defendant's conviction is the focus of the inquiry." 324 F.3d at 596.

[5]Mohr's case is unaffected by Blakely v. Washington, 124 S.Ct 2531, 2536 (2004), because the fact of a prior conviction need not be proved to a jury in order to support an increase in a defendant's sentence. See also Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). The only enhancement to Mohr's sentence was because of his prior convictions.

of violence without regard to the individual circumstances of the case. See Allegree, 175 F.3d at 651. Nor does he explain how Hascall and Blahowski can be seen as advisory opinions when both applied the sentencing guidelines in actual cases and controversies. Mohr has not shown any clear constitutional error by the district court in applying Hascall and Blahowski, and we find no plain error. United States v. Gonzales, 339 F.3d 725, 728 (8th Cir. 2003).

Mohr finally argues that the district court erred by denying his downward departure motion because his criminal history significantly overrepresents the seriousness of his past criminal conduct. See U.S.S.G. § 4A1.3. Although he recognizes that a district court's refusal to depart downward is generally unreviewable, see Gonzalez-Lopez, 335 F.3d at 799, he argues that here the district court believed that it was without authority to depart because of its erroneous finding that Mohr had been "close to a one-man crime wave since the time he was a child." This argument ignores the district court's recognition at sentencing of United States v. Senior, 935 F.2d 149, 151 (8th Cir. 1991), which held that a downward departure is permissible if a defendant's criminal history category overstates his criminal record. The record indicates that the district court was well aware of its authority to depart downward, but decided that a departure was not warranted because of Mohr's extensive criminal background. For this reason, the court's decision not to depart is unreviewable. See United States v. Dabney, 367 F.3d 1040, 1044 (8th Cir. 2004).

Accordingly, we affirm the judgment of the district court.

HEANEY, Circuit Judge, concurring.

Christopher Michael Mohr's case is an example of the misconception that the guidelines have been successful at reducing sentencing disparities. Mohr's sentence is more than double that which similar defendants throughout the country would expect to receive under the guidelines, due solely to our circuit's interpretation of

what constitutes a "crime of violence" for purposes of the career offender enhancement. We have adhered to the fiction that every burglary of a commercial building is a "crime of violence" as defined by the guidelines. This view has been rejected by nearly every circuit to consider the issue, and I suggest our circuit reconsider the matter.

The guideline provisions concerning the career offender enhancement are well-established, and warrant additional discussion here. As relevant to Mohr's case, a defendant convicted of a controlled substance offense must be treated as a career offender, and accordingly sentenced much more severely, if he has two prior felony convictions for crimes of violence. USSG § 4B1.1. Crimes of violence include "burglary of a dwelling, arson, or extortion," and those which "involve[] the use of explosives, or otherwise involve[] conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2).

One of Mohr's qualifying "violent" offenses was a Minnesota conviction for burglary in third degree. <u>See</u> Minn. Stat. § 609.582, subd. 3. This conviction could not be considered "burglary of a dwelling" for purposes of the career offender enhancement. <u>Compare</u> Minn. Stat. § 609.582, subd. 2(a) (specifically listing the elements of burglary in the second degree to include entering a dwelling), <u>with</u> Minn. Stat. § 609.582, subd. 3 (omitting any reference to dwellings and referring only to unlawful entry of a "building" for the offense of burglary in the third degree). Nevertheless, Mohr's third degree burglary conviction was considered to be a violent offense because, as the majority notes, our court has held that "burglary always creates a 'serious potential risk of physical injury to another.'" <u>Ante</u> at 4 (quoting <u>United States v. Hascall</u>, 76 F.3d 902, 905 (8th Cir. 1996)0; <u>see also</u> USSG 4.B1.2(a)(2) (directing sentencing courts to treat convictions as crimes of violence if the underlying conduct created "serious potential risk of physical injury to another"). Time and again, our circuit has reaffirmed this approach of characterizing all

burglaries as violent crimes, regardless of the underlying circumstances. See United States v. Blahowski, 324 F.3d 592, 595 (8th Cir. 2003) (collecting cases).

Perhaps in the abstract, such an approach has some appeal. Hascall recognized that the threat of some physical injury was inherent in the commission of any burglary, a point beyond dispute. Hascall, 76 F.3d at 904-05. Certainly, the guidelines themselves acknowledge this principle by specifying that burglaries of *dwellings* must always be considered crimes of violence. USSG § 4B1.2(a)(2). Notably, though, the guidelines do not mandate that sentencing courts always treat burglaries of commercial buildings as violent crimes; they are silent on the issue. Circuits have split on the precise meaning of this omission, but they are nearly unanimous in holding that burglaries of commercial buildings should not generally be treated as violent crimes. See, e.g., United States v. Wilson, 168 F.3d 916, 920 (6th Cir. 1999) (holding that while certain burglaries of a commercial building *may* qualify as crimes of violence, "the burglary of a non-dwelling is not a crime of violence *per se* under [the guidelines]"); United States v. Nelson, 143 F.3d 373, 374-75 (7th Cir. 1998) (declining to adopt a per se rule that burglaries of commercial buildings are crimes of violence); United States v. Harrison, 58 F.3d 115, 119 (4th Cir. 1995) (declining to apply the career offender enhancement when there was no evidence that predicate convictions involved burglaries of dwellings since "under USSG § 4B1.2 only burglary of a dwelling constitutes a crime of violence"); United States v. Spell, 44 F.3d 936, 938 (11th Cir. 1995) ("By explicitly including the burglary of a dwelling as a crime of violence, the Guidelines intended to exclude from the violent crime category those burglaries which do not involve dwellings and occupied structures."); United States v. Smith, 10 F.3d 724, 730-34 (10th Cir. 1993) (holding that burglary of a commercial office is not a crime of violence). Only one circuit, save our own, has maintained that burglaries of unoccupied, commercial buildings are always classified as violent crimes for purposes of the career offender enhancement. See United States v. Rodriguez, 311 F.3d 435, 438-39 (1st Cir. 2002) (reaffirming in dicta its holding in United States v. Fiore, 983 F.2d 1 (1st Cir. 1992),

that burglaries of commercial buildings are crimes of violence due to the risk of injury associated with such conduct).

I believe our circuit–joined only by one other circuit to speak on the issue–has far too broad a conception of what the guidelines mean by stating that violent crimes include "conduct that presents a serious potential risk of physical injury to another." USSG § 4B.2(a)(2). Certainly, the risk of physical injury exists in nearly every felony. The guidelines, however, focus on whether that risk is a serious one, not just an abstract possibility. To my mind, our circuit's approach, which unequivocally holds that the risk always exists in burglaries of commercial buildings, does not adequately consider the conduct underlying such convictions. For instance, Mohr's burglary conviction, or "violent crime," was for acting as a look-out while his two accomplices broke the office of Mohr's former employer, the Auto Doctor, to steal electronic equipment. Obviously, the *potential* risk of injury was present in the crime, but without any indication that the business was occupied, the gravity of that risk was not significant enough to characterize the crime as a violent one. In this circuit, however, we ignore the reality of a defendant's underlying conduct and charged offense, and focus solely on the question of whether the defendant was convicted of burglary or some derivation thereof.

Our panel is not at liberty to overturn our prior precedent, although our court may do so en banc. If our court fails to correct its missteps en banc and the Supreme Court does not clarify the qualifications for predicate career offender convictions, significant sentencing disparities will continue to exist based solely on the circuit in which a federal defendant is sentenced.

BRIGHT, Circuit Judge, concurring.

Based on this circuit's precedent, I concur in the majority's affirmance of Mohr's sentence. I also join in Judge Heaney's concurrence and his objections to the

rule in this circuit making any burglary a "crime of violence" for the purposes of the career offender enhancement under the sentencing guidelines. In addition, I write separately to reemphasize my views on this issue as stated in my dissent in United States v. Blahowski, 324 F.3d 592, 598-99 (8th Cir. 2003) (Bright, J., dissenting).

The United States Supreme Court may wish to review the issue of whether the burglary of a commercial building categorically meets the definition of a crime of violence for the purposes of the career offender enhancement. Mohr may wish to file an appropriate petition seeking a resolution of the circuit split in the law on this issue.

---



A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans